**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES—GENERAL**

Case No. 8:26-cv-00941-KES Date: October 6, 2026

Title: INFINITY SELECT INSURANCE COMPANY v. JUAN RUIZ DEL CASTILLO

---

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| | |
|---|---|
| Jazmin Dorado | Not Present |
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: None Present | ATTORNEYS PRESENT FOR DEFENDANT: None Present |

---

**PROCEEDINGS (IN CHAMBERS):** **Order to Show Cause Why Plaintiff's Motion for Default Judgment (Dkt. 33) Should Not Be Denied**

Plaintiff filed its First Amended Complaint ("FAC") on August 17, 2026. (Dkt. 24.) The dispute arises out of a car insurance policy issued by Plaintiff for Defendant (the "Policy"). (Dkt. 24 ¶ 7.) Plaintiff seeks declaratory relief that it does not have an obligation to pay any amount of the default judgment entered against Defendant or, alternatively, that Plaintiff has no obligation to pay any amount in excess of the Policy's $25,000 per person limit. (Dkt. 24 ¶ 25.) Plaintiff filed a motion for default judgment ("Motion") on October 2, 2026. (Dkt. 33.)

When deciding a motion for default judgment, the Court considers seven Eitel factors, two of which are the "merits of plaintiff's substantive claim" and "the sufficiency of the complaint." Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). When analyzing those two factors, a Court considers whether a plaintiff has "state[d] a claim on which [it] may recover." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F.Supp.2d 1172, 1175 (C.D. Cal. 2002).

Plaintiff's FAC, in its claim for relief, contends that Plaintiff is not liable for the default judgment or, in the alternative, any amount over the Policy limit due to Defendant's violation of the Policy's "notice of suit provision." (Dkt. 24 ¶¶ 21-22.) The Policy's notice provision requires the insured to send "promptly any legal papers received regarding any claim or suit." (Dkt. 24 ¶ 8.) The Policy also contains a no-action provision prohibiting any lawsuit against Plaintiff for any obligation incurred by the insured unless the obligation is "finally determined by

a judgment against [the insured] after actual trial ….”[1] (Id.)

If an insured has breached a notice provision, an insurer is not excused from performance unless it is actually and substantially prejudiced by the lack of notice. Belz v. Clarendon America Ins. Co., 158 Cal.App.4th 615, 625, 629 (2007) (imposing liability for a default judgment where an insurer did not receive notice of the lawsuit until after default had been entered). In order to demonstrate substantial prejudice, an insurer must show “it lost something that would have changed the handling of the underlying claim,” and “a substantial likelihood that, with timely notice, and notwithstanding [any] denial of coverage or reservation of rights, it would have settled the claim for less or taken steps that would have reduced or eliminated the insured’s liability.” Id. at 632 (citing Shell Oil Co. v. Winterthur Swiss Ins. Co., 12 Cal.App.4th 715, 763 (1993)).

The substantial prejudice standard applies only in situations where an insurer lacked adequate notice and did not already have a duty to defend. Receiving notice of a claim through service of a complaint suffices to provide “adequate notice of the potential for contribution and the opportunity for investigation and participation in the defense in the underlying litigation.” OneBeacon America Ins. Co. v. Fireman’s Fund Ins. Co, 175 Cal.App.4th 183, 201 (2009); see also California Shoppers, Inc. v. Royal Globe Ins. Co., 175 Cal.App.3d 1, 37 (1985) (finding constructive notice enough to trigger the duty to defend); Executive Risk Indemnity, Inc. v. Jones, 171 Cal.App.4th 319, 332-33 (2009) (identifying several cases in which insurers who, even without a duty to defend their insureds, have been bound by judgments against the insured based upon the insurer’s notice and opportunity to intervene).

The FAC expressly states that Plaintiff had been given notice of the lawsuit filed against Defendant after being given a copy of the original complaint filed in Orange County Superior Court. (Dkt. 24 ¶ 13.) Defendant may have failed to inform Plaintiff of this lawsuit, but Plaintiff had been given a copy of the complaint which, even without further action from the insured, is likely enough to establish constructive notice. See Ford v. Providence Washington Ins. Co., 151 Cal.App.2d 431, 438 (1957) (holding that an insurer who received a copy of a complaint filed against the insured could not avoid liability by refusing to recognize possible liability, even if the insured never notified the insurer).

California law also suggests that insurers can be held liable for damages in excess of their policy limits if the insurer wrongfully refuses to defend. Amato v. Mercury Casualty Co., 53 Cal.App.4th 825, 834 (1997) (“When the insurer refuses to defend and the insured does not employ counsel and presents no defense, it can be said that ensuing default judgment is

---

[1] To the extent that Plaintiff may argue that the no-action clause precludes liability for the default judgment, California courts have held that default judgment hearings sufficiently satisfy no-action clauses requiring judgment from an “actual trial.” See Pruyn v. Agricultural Ins. Co., 36 Cal.App.4th 500, 523 (1995).

proximately caused by the insurer's breach of the duty to defend).

Plaintiff appears to contend that, because default has been entered against Defendant, the Court must accept as true Plaintiff's allegation that it has no obligation to pay the default judgment entered against Defendant. (Dkt. 33-1 at 16.) While the Court does accept every factual allegation in the FAC as true, whether Plaintiff owed Defendant a duty to defend or whether Plaintiff can be held liable for the default judgment in excess of the Policy limits are questions of law, not fact. The FAC alleges that Plaintiff was "substantially prejudiced" by the lack of notice (Dkt. 24 ¶ 21) but alleges no facts to support that assertion.

Neither Plaintiff's Motion nor the FAC establish why, even if Defendant failed to abide by the Policy's notice provision, Plaintiff (1) is not liable to pay any amount of the default judgment entered against Defendant, or (2) is not liable to pay any amount of the default judgment in excess of the Policy limits.

Plaintiff is ordered to show cause in writing **by October 20, 2026**, why the Motion should not be denied for the above reasons.

Initials of Deputy Clerk jd